**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SONS OF CONFEDERATE VETERANS,
FLORIDA DIVISION, INC., JOHN W.
ADAMS,**

            **Plaintiffs,**

**-vs-**                                        **Case No. 6:09-cv-134-Orl-28KRS**

**JEFFREY H. ATWATER, RAY SANSOM,
ANDY GARDINER, RICHARD
GLORIOSO, MICHAEL DAVIS,
ELECTRA THEODORIDES-BUSTLE,**

            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 50)**
>
> **FILED:** **April 14, 2011**

Plaintiffs seek attorney's fees and costs following the entry of judgment in their favor against Defendant Electra Theodorides-Bustle. Doc. No. 50. Plaintiffs contend that they were the prevailing parties and are thus entitled to fees and costs. Defendant Theodorides-Bustle responded to the motion and argues that Plaintiffs are not prevailing parties and therefore are not entitled to fees and costs. Doc. No. 54.

## I.     PROCEDURAL HISTORY.

Plaintiffs the Sons of Confederate Veterans, Florida Division ("SCV") and its vice president, John W. Adams ("Adams") challenged the constitutionality of statutes establishing Florida's specialty license plate program. This challenge arose as a result of the Florida Legislature's failure to approve issuance of SCV's proposed "Confederate Heritage" specialty plate.  Plaintiffs argued that Florida's specialty license plate program constituted a public forum for private speech. Plaintiffs further argued that the Florida Statutes granted unfettered discretion to the Florida Legislature to limit speech in violation of the rights of SCV's members to free speech and equal protection as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

On March 30, 2011, this Court entered an Order which found Florida Statute § 320.08053 unconstitutional pursuant to the overbreadth doctrine to the extent that it granted the Florida Legislature discretion to decline approval of an application for a specialty license plate based on the sponsor's viewpoint.  Doc. No. 48.  The Court found the statute void in its entirety.  *Id*. The Court found that no rights could be granted to the Plaintiffs under this section, and the Defendant was not directed to issue the proposed "Confederate Heritage" license plate.  *Id*.  The Court directed that a declaratory judgment be entered judgment in favor of Plaintiffs declaring section 320.08053 unconstitutional.  The declaratory judgment was entered on March 31, 2011. Doc. No. 49.

## II.     ANALYSIS.

Plaintiffs contend that they are prevailing parties and entitled to attorney's fees pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988. Doc. No. 50. Plaintiffs seek $42,150.00 in attorney's fees and $830.00 in costs. *Id*.

Plaintiffs assert that because they did obtain some of the relief they requested, they should be considered prevailing plaintiffs under Federal Rule of Civil Procedure 54(d). Plaintiffs cite *Abusaid v. Hillsborough County Board of County Commissioners*, No. 8:03-cv-904-T-TBM, 2009 WL 2329409 (M.D. Fla. June 4, 2008), as supporting their assertion. In *Abusaid*, the Court found that a plaintiff was a prevailing party where the Court granted declaratory relief that an ordinance was unconstitutional and granted injunctive relief, enjoining the defendants from enforcing the ordinance. 2009 WL 2329409, at *1. However, here, the Court did not grant injunctive relief and affirmatively denied that any injunctive relief could be afforded to Plaintiffs. Accordingly, *Abusaid* does not show Plaintiffs to be prevailing parties under Federal Rule of Civil Procedure 54(d) and their bill of costs should be **DENIED**.

Plaintiffs also argue they are prevailing parties pursuant to 42 U.S.C. § 1988 for purposes of entitlement to attorney's fees according to *Farrar v. Hobby,* 506 U.S. 103 (1992). In *Farrar*, the United States Supreme Court stated that in order for a party to be considered a prevailing parry under Section 1988, the relief obtained by the plaintiff must "directly benefit him at the time of the judgment . . . ." 506 U.S. at 111. "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id*. at 111-12.

In their motion, Plaintiffs do not point to any material alteration in the legal relationship between the parties or modification of Defendant's behavior. Plaintiffs argue that "[h]opefully, the State will . . . not engage in continued viewpoint discrimination against Plaintiff's efforts." Doc. No. 50 at 7. They also argue that due to their victory, the "[S]tate's behavior will be altered by a future court." Plaintiffs only point to future possibilities of behavior modification by Defendant or changes in the legal relationship between the parties, but do not point to any changes at the time of the judgment as required under *Farrar*. Plaintiffs do not and cannot show any way in which the judgment in this case modified Defendant's behavior or modified the legal relationship between the parties. Accordingly, Plaintiffs are not prevailing parties and the request for attorney's fees should be **DENIED**.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Plaintiffs' Motion for Attorney's Fees and Costs be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 6, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy